The Honorable Jim von Gremp State Representative P.O. Box 866 Bentonville, Arkansas 72712-0866
Dear Representative von Gremp:
This is in response to your request for an opinion regarding the transferability of sick leave accumulations of former employees of an adult education program which was recently transferred to the Northwest Arkansas Community College ("NWACC"). Your questions have given rise to two previous Attorney General opinions. See Ops. Att'y Gen. 93-278 and 94-010 (copies enclosed). It was concluded in the former opinion, based upon the representation that the employees in question were employees of the local county board of education, that their sick leave accumulations were not transferable to the NWACC under state law. In the latter opinion, your request stated as a fact that the adult education program was established by the State Board of Education as a "state-authorized post secondary vocational-technical school." This office thus concluded, as had been referred to in footnote two of Op. Att'y Gen. 93-278, that it was possible that the employees were eligible to transfer sick leave accumulations under A.C.A. §§ 6-51-205 (1987) and 21-4-207
(Cum. Supp. 1993). The opinion also concluded, however, that the resolution of the exact nature or status of the adult education program which was transferred to the administrative authority of the Northwest Arkansas Community College was a fact question which this office could not resolve.
You have now provided this office with a letter from Garland Hankins, Deputy Director of the Adult Education Section of the Department of Education, which indicates that the adult education program in question was instituted by a countywide educational service cooperative, at the behest of Adult Education officials at the Department of Education. Mr. Hankins also notes that the adult education program was funded exclusively on annually prepared grant requests to the Arkansas Department of Education. You have now once again asked my opinion as to whether these employees are entitled to transfer sick leave accumulations from the adult education program to their new employment at the Northwest Arkansas Community College.
I must conclude, as was previously concluded in Op. Att'y Gen.94-010, that this office cannot resolve the factual issue of the status of this adult education program. This office is not empowered as a factfinder, and is not in a position to take testimony, or otherwise undertake the type of extensive factual review which would be necessary to resolve this question definitively. It is the function of this office in an official opinions context, to interpret and opine upon the nature and status of the law, not disputed facts. The facts you have provided with this opinion request, although detailed, do not clearly indicate the nature of the adult education program, or under what statutory scheme it was created. It is stated that the adult education program was created as an "adult education school" under A.C.A. § 6-51-202 (1987). If this is the case, this fact should have been noted in the minutes of the State Board of Vocational Education as a formal resolution and filed with the Secretary of State at its creation. See A.C.A. § 6-51-202(b). In addition, this subchapter appears to contemplate that the employees of such schools will be employed, and their salaries set, by the State Board of Vocational Education. See A.C.A. §6-51-205(b). The statute also contemplates that the salaries will be equivalent to other similarly situated personnel at the Department of Education. It appears, however, from the facts presented by your request, that the employees of this adult education program were not hired by the State Board, nor were their salaries set by the State Board, and their salaries were comparable not to employees of the Department, but of the local school districts.
It is possible that the provisions of A.C.A. §§ 6-51-201 to -216 are still applicable, however, so as to allow the transfer of sick leave accumulations under A.C.A. §§ 6-51-205 and 21-4-207, if this adult education program came about by virtue of cooperation between the county board of education and the State Board of Vocational Education under A.C.A. § 6-51-215, which expressly grants such authority to cooperate to establish vocational schools. If this is the case, and the program was instituted under this authority, presumably A.C.A. § 6-51-205(c) which renders applicable to employees of "all vocational-technical . . . schools" all laws governing Department of Education personnel, would apply so as to authorize transfer of sick leave accumulations under A.C.A. § 21-4-207.
Again, however, the nature of your inquiry is factual, and thus cannot be resolved in an official Attorney General's opinion.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
Enclosures